1

2

3

4

5

6

7

8

9

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

10 TERESA MORALES, )
)                          Case No. 2:16-cv-00230-JAD-NJK
11                  Plaintiff(s), )
)                          REPORT AND RECOMMENDATION
12 v. )
)                          (Docket Nos. 11, 16)
13 CAROLYN W. COLVIN, ACTING )
COMMISSIONER OF SOCIAL SECURITY, )
14 )
                  Defendant(s). )
15 _____ )

16        This case involves judicial review of administrative action by the Commissioner of Social

17 Security ("Commissioner") denying Plaintiff's application for disability insurance benefits pursuant to

18 Titles II and XVI of the Social Security Act.  Currently before the Court is Plaintiff's Motion for

19 Reversal and/or Remand.  Docket No. 11.  The Commissioner filed a response in opposition and a

20 Cross-Motion to Affirm.  Docket No. 16.  Plaintiff filed a reply.  Docket No. 19.  This action was

21 referred to the undersigned magistrate judge for a report of findings and recommendation.

22 **I.      STANDARDS**

23        A.      Judicial Standard of Review

24        The Court's review of administrative decisions in social security disability benefits cases is

25 governed by 42 U.S.C. § 405(g).  *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002).  Section

26 405(g) provides that, "[a]ny individual, after any final decision of the Commissioner of Social Security

27 made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a

28 review of such decision by a civil action . . . brought in the district court of the United States for the

judicial district in which the plaintiff resides." The Court may enter, "upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*

The Commissioner's findings of fact are deemed conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). To that end, the Court must uphold the Commissioner's decision denying benefits if the Commissioner applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). In determining whether the Commissioner's findings are supported by substantial evidence, the Court reviews the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998).

Under the substantial evidence test, the Commissioner's findings must be upheld if supported by inferences reasonably drawn from the record. *Batson v. Comm'r, Soc. Sec. Admin.,* 359 F.3d 1190, 1193 (9th Cir. 2004). When the evidence will support more than one rational interpretation, the Court must defer to the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Consequently, the issue before this Court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence.

It is incumbent on the ALJ to make specific findings so that the Court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. The ALJ's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision. *See, e.g., Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).

B. Disability Evaluation Process

The individual seeking disability benefits bears the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995). To meet this burden, the individual must demonstrate the

2

"inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of his claim for disability. *See, e.g.*, 20 C.F.R. § 404.1514. If the individual establishes an inability to perform his prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987) (citing 20 C.F.R. §§ 404.1520, 416.920). If at any step the ALJ determines that he can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); *see also* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The first step requires the ALJ to determine whether the individual is currently engaging in substantial gainful activity ("SGA"). 20 C.F.R. §§ 404.1520(b), 416.920(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. 20 C.F.R. §§ 404.1572(a)-(b), 416.972(a)-(b). If the individual is currently engaging in SGA, then a finding of not disabled is made. If the individual is not engaging in SGA, then the analysis proceeds to the second step.

The second step addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits him from performing basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. 20 C.F.R. §§ 404.1521, 416.921; Social Security Rulings ("SSRs") 85-28 and 96-3p.[1] If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of

---

[1] SSRs constitute the Social Security Administration's official interpretations of the statute it administers and its regulations. *See Bray v. Comm'r, Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *see also* 20 C.F.R. § 402.35(b)(1). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Bray*, 554 F.3d at 1224.

3

1    not disabled is made. If the individual has a severe medically determinable impairment or combination
2    of impairments, then the analysis proceeds to the third step.

3          The third step requires the ALJ to determine whether the individual's impairments or
4    combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R.
5    Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925,
6    416.926. If the individual's impairment or combination of impairments meet or equal the criteria of a
7    listing and meet the duration requirement (20 C.F.R. §§ 404.1509, 416.909), then a finding of disabled
8    is made. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the individual's impairment or combination of
9    impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the
10   analysis proceeds to the next step.

11          Before considering step four of the sequential evaluation process, the ALJ must first determine
12   the individual's residual functional capacity. 20 C.F.R. §§ 404.1520(e), 416.920(e). The residual
13   functional capacity is a function-by-function assessment of the individual's ability to do physical and
14   mental work-related activities on a sustained basis despite limitations from impairments. SSR 96-8p.
15   In making this finding, the ALJ must consider all of the symptoms, including pain, and the extent to
16   which the symptoms can reasonably be accepted as consistent with the objective medical evidence and
17   other evidence. 20 C.F.R. §§ 404.1529 and 416.929; SSRs 96-4p, 16-3p. An ALJ will consider the
18   claimant's statements regarding the intensity, persistence, and limiting effects of symptoms, and will
19   further evaluate whether the statements are consistent with objective medical evidence and the other
20   evidence. SSR 16-3p. The ALJ must also consider opinion evidence in accordance with the
21   requirements of 20 C.F.R. §§ 404.1527 and 416.927 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

22          The fourth step requires the ALJ to determine whether the individual has the residual functional
23   capacity to perform his past relevant work ("PRW"). 20 C.F.R. §§ 404.1520(f), 416.920(f). PRW
24   means work performed either as the individual actually performed it or as it is generally performed in
25   the national economy within the last 15 years or 15 years prior to the date that disability must be
26   established. In addition, the work must have lasted long enough for the individual to learn the job and
27   performed at SGA. 20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), 416.965. If the individual has the
28   residual functional capacity to perform his past work, then a finding of not disabled is made. If the

1  individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to the

2  fifth and last step.

3  The fifth and final step requires the ALJ to determine whether the individual is able to do any

4  other work considering his residual functional capacity, age, education, and work experience. 20 C.F.R.

5  §§ 404.1520(g), 416.920(g). If he is able to do other work, then a finding of not disabled is made.

6  Although the individual generally continues to have the burden of proving disability at this step, a

7  limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is

8  responsible for providing evidence that demonstrates that other work exists in significant numbers in the

9  national economy that the individual can do. *Lockwood v. Comm'r, Soc. Sec. Admin.*, 616 F.3d 1068,

10  1071 (9th Cir. 2010).

11  **II.     BACKGROUND**

12  A.     Procedural History

13  On November 14, 2012, Plaintiff filed applications for disability insurance benefits and

14  supplemental security income alleging that she became disabled on April 27, 2012. *See, e.g.*,

15  Administrative Record ("A.R.") 219-35. Plaintiff's claims were denied initially on March 28, 2013, and

16  upon reconsideration on August 8, 2013. A.R. 139-43, 155-66. On September 3, 2013, Plaintiff filed

17  a request for a hearing before an Administrative Law Judge ("ALJ"). A.R. 167-72. On June 3, 2014,

18  Plaintiff, Plaintiff's attorney, and a vocational expert appeared for a hearing before ALJ Christopher R.

19  Daniels. *See* A.R. 45-61. On July 23, 2014, the ALJ issued an unfavorable decision finding that

20  Plaintiff had not been under a disability, as defined by the Social Security Act, through the date of the

21  decision. A.R. 24-44. On December 8, 2015, the ALJ's decision became the final decision of the

22  Commissioner when the Appeals Council denied Plaintiff's request for review. A.R. 1-8.

23  On February 5, 2016, Plaintiff commenced this action for judicial review pursuant to 42 U.S.C.

24  § 405(g). *See* Docket No. 1.

25  B.     The Decision Below

26  The ALJ's decision followed the five-step sequential evaluation process set forth in 20 C.F.R.

27  §§ 404.1520 and 416.920. A.R. 24-44. At step one, the ALJ found that Plaintiff meets the insured status

28  requirements of the Social Security Act through December 31, 2017 and has not engaged in substantial

gainful activity since April 27, 2012. A.R. 32. At step two, the ALJ found that Plaintiff has the following severe impairments: schizoaffective disorder and major depressive disorder. A.R. 32-33. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. A.R. 33-35.

The ALJ found that Plaintiff has the residual functional capacity to perform medium work as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c), but that she is limited to simple, routine, repetitive tasks for 2-hour periods over the course of the workday and workweek; she is limited to only occasional interaction with coworkers and supervisors; she is unable to interact with the general public, but she is able to adapt to routine work changes. A.R. 36-39. At step four, the ALJ found Plaintiff is capable of performing her past relevant work as a housekeeper. A.R. 39. Based on all of these findings, the ALJ found Plaintiff not disabled and denied the applications for a period of disability and disability insurance benefits and supplemental security income. *See* A.R. 39-40.

## III. ANALYSIS AND FINDINGS

Plaintiff seeks reversal and/or remand of the ALJ's decision on two grounds, (1) that the ALJ improperly ignored evidence that was submitted after the hearing and (2) that the ALJ improperly afforded too much weight to the opinion of consultative psychologist Kenneth McKay and too little weight to treating physician Dr. Steven Shon.[2] The Court addresses these two arguments below.[3]

---

[2] Plaintiff referred to her treating physician in the proceedings below as "Dr. Shaw," A.R. 403, and the ALJ followed suit, A.R. 37. On appeal, Plaintiff refers to her treating physician as "Dr. Shon." Docket No. 11 at 7. The undersigned will also refer to Plaintiff's treating physician as "Dr. Shon."

[3] The Court had some difficulty discerning the arguments being advanced by Plaintiff. Reviewing courts may consider "only issues that are argued specifically and distinctly in a party's opening brief." *Independent Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003) (quoting *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994)). Bare assertions made in the opening brief do not preserve an issue for appeal. *Hilao v. Estate of Marcos*, 103 F.3d 767, 778 n.4 (9th Cir. 1996) (collecting cases). Moreover, courts generally do not consider arguments raised for the first time in reply. *See, e.g.*, *Bazuaye v. I.N.S.*, 79 F.3d 118, 120 (9th Cir. 1996) (per curiam) (citing *Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990)). To the extent Plaintiff intended to raise additional arguments in the opening brief or reply, the undersigned concludes that they are not properly before the Court.

1      A.     Consideration of Evidence Submitted After the Hearing

2          Plaintiff argues repeatedly that the ALJ did not consider evidence that she submitted after the

3   hearing. *E.g.*, Docket No. 11 at 13, 23-24.[4] As the Commissioner correctly points out, this contention

4   lacks merit. *See* Docket No. 16 at 7. Plaintiff submitted 15 pages of documents from Dr. Kuraishi after

5   the hearing. A.R. 409-424.[5] These documents were incorporated into the record considered by the ALJ.

6   A.R. 44 (list of exhibits). Moreover, Plaintiff fails to provide any meaningful discussion how those

7   particular documents undermine the ALJ's decision. The Court finds unpersuasive Plaintiff's contention

8   that the ALJ erred with respect to records submitted after the hearing.

9      B.     Consideration of the Opinions of Dr. Shon and Dr. McKay

10          Plaintiff next challenges the ALJ's reliance on the opinion of consultative psychologist Dr.

11   McKay rather than on the opinion of her treating physician, Dr. Shon. Docket No. 11 at 23-25. A

12   treating physician's medical opinion as to the nature and severity of an individual's impairment is

13   entitled to controlling weight when that opinion is well-supported and not inconsistent with other

14   substantial evidence in the record. *See, e.g.*, *Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001).

15   The opinion of a treating physician is not necessarily conclusive as to the existence of an impairment

16   or the ultimate issue of a claimant's disability. *See, e.g.*, *Thomas v. Barnhart*, 278 F.3d 947, 956 (9th

17   Cir. 2002). When the opinion of a treating physician is contradicted by another doctor, the ALJ may

18   reject the opinion of the treating physician by articulating specific and legitimate reasons that are

19   supported by substantial evidence. *Id.* at 957. The opinions of non-treating or non-examining physicians

20   may also serve as substantial evidence when the opinions are consistent with independent clinical

21   findings or other evidence in the record. *Id.*

22          In this case, Plaintiff argues that the ALJ provided insufficient reason for relying on Dr. McKay's

23   opinion over Dr. Shon's opinion. Docket No. 11 at 23-25. The Commissioner disagrees. In particular,

24   _____

25          [4] In citing Plaintiff's brief herein, the Court relies on the page numbers assigned by CM/ECF.

26          [5] Plaintiff states that Exhibits 9F, 10F, and 11F were also submitted after the hearing. Docket No.
27   11 at 20. The record is clear that these exhibits were not submitted after the hearing. A.R. 48 (hearing
     transcript at which the ALJ "admit[s] into evidence Exhibits 1A through 11F"); A.R. 56 (hearing transcript
28   at which the ALJ discusses Exhibits 9F and 11F).

the Commissioner contends that the record supports the ALJ's findings that Dr. Shon relied on Plaintiff's subject complaints, that his findings were inconsistent with his notes, and that his findings were inconsistent with the medical record as a whole. *See* Docket No. 16 at 4-5, 6-11. As such, the Commissioner contends that the ALJ did not err in relying instead on the opinion of Dr. McKay. *See id.*

The Commissioner has the better argument. The ALJ discounted the opinion of Dr. Shon because (1) it relied heavily on the subjective complaints report by Plaintiff, while there was also reason to doubt those complaints, and (2) it was inconsistent with the medical record, including Dr. Shon's own notes. A.R. 37. The Ninth Circuit has made clear that these are proper factors for an ALJ to consider. *E.g.*, *Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999) (finding that an ALJ may properly discount a doctor's opinion premised to a large extent on the claimant's subject complaints, when those allegations have been properly discounted)*; Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (finding the ALJ had "clear and convincing" reason to discredit treating doctor's opinion when it contradicted the doctor's clinical notes). Moreover, substantial evidence exists in the record supporting those findings. As to Plaintiff's subjective complaints of disability, the ALJ found her testimony to be not entirely credible, A.R. 37, a finding that is not challenged on appeal. Moreover, Dr. McKay stated that Plaintiff's complaints seemed exaggerated. A.R. 340. There is also substantial evidence with respect to the inconsistency between Dr. Shon's opinion and the medical record. For example, Dr. Shon's notes show relatively normal mental status exam findings. *E.g.*, A.R. 366.

In short, the ALJ articulated specific and legitimate reasons supported by substantial evidence in discounting the opinion of Plaintiff's treating physician. It was not error to do so.

**IV.    CONCLUSION**

Judicial review of the Commissioner's decision to deny disability benefits is limited to determining whether the decision is free from legal error and supported by substantial evidence. It is the ALJ's responsibility to make findings of fact, draw reasonable inferences from the record, and resolve conflicts in the evidence including differences of opinion. Having reviewed the Administrative Record as a whole and weighed the evidence that supports and detracts from the conclusion, the Court

finds that the ALJ's decision is supported by substantial evidence under 42 U.S.C. § 405(g) and the ALJ did not commit legal error.

Based on the forgoing, the undersigned hereby **RECOMMENDS** that Plaintiff's Motion for Reversal and/or Remand (Docket No. 11) be **DENIED** and that Defendant's Cross-Motion to Affirm (Docket No. 16) be **GRANTED**.

DATED:    April 17, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).